# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRON RAY REED, | )  1:14-cv-00125-BAM (PC) |
| Plaintiff, | )<br>)  ORDER DISMISSING ACTION FOR |
| v. | )  FAILURE TO STATE A CLAIM<br>) |
| JEFFREY A. BEARD, et al., | )<br>) |
| Defendants. | )<br>) |
| | ) |

## I.      Screening Requirement and Standard

Plaintiff Myron Ray Reed ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint, filed on January 29, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

1   conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,

2   1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

3   (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

4   unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)

5   (internal quotation marks and citation omitted).

6        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

7   liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338,

8   342 (9th Cir. 2010) (citations omitted).  To survive screening, Plaintiff's claims must be facially

9   plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each

10   named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949

11   (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.

12   2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere

13   consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at

14   678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

15   **II.    Plaintiff's Allegations**

16        Plaintiff is currently housed at California State Prison, Corcoran.  He names Jeffrey A.

17   Beard, Secretary of C.D.C.R., as the sole defendant.

18        Plaintiff alleges as follows:

19        In 2004 and 2005 I was prescribed a anti-depressant called "Risperdal" by a
20        mental health Doctor at Wasco State Prison Reception Center California Dept. of
        Corrections and Rehabilitation.  It was given to me by injection every 2 week's.
21        At this time I have gained a abnormality in my chest, where my breast look like
        Female breat and if you sqeeze the nipple a white clear liquid will come out the
22        nipple and they stick out Far like a womans breast would.  This wouldn't have
        happened to me if Jeffrey A. Beard would do something about the overcrowding
23        then I would have gotten better medical treatment and not been given a bad
24        medication due to the inadequate mental health and medical treatment.

25   (ECF No. 1, p. 3) (unedited text).  Plaintiff seeks appointment of any attorney, along with

26   compensatory and punitive damages.

27   ///

28   ///

2

### III.   Request for Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases involving claims of deliberate indifference by indigent prisoners with limited knowledge of the law almost daily.  Further, the Court cannot make a determination that Plaintiff is likely to succeed on the merits at trial, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  Rand, 113 F.3d at 1525.

For the reasons stated, Plaintiff's request for the appointment of counsel is DENIED.

### IV.   Discussion of Allegations

Although not entirely clear, it appears that Plaintiff is alleging a claim for deliberate indifference to serious medical needs against Defendant Jeffrey A. Beard and a claim for products liability.

#### A.  Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50

L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show

(1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could

result in further significant injury or the 'unnecessary and wanton infliction of pain,' "and (2)

"the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096;

Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).

Deliberate indifference is shown where the official is aware of a serious medical need and

fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal

standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison

official must be aware of facts from which he could make an inference that "a substantial risk of

serious harm exists" and he must make the inference. Farmer, 511 U.S. at 837.

Here, Plaintiff has not stated a claim for deliberate indifference to serious medical needs

against Defendant Jeffrey Beard.  Plaintiff has not alleged that Defendant Beard knew that

Plaintiff had a serious medical need and failed to respond to that need.  Plaintiff also has not

alleged that he was denied treatment by Defendant Beard.  Rather, Plaintiff admits that a medical

doctor at Wasco State Prison, not Defendant Beard, prescribed Risperdal.  This deficiency does

not appear capable of being cured by amendment.

To the extent Plaintiff seeks to impose liability against Defendant Beard as a supervisor,

he may not do so.  Supervisory personnel may not be held liable under section 1983 for the

actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v.

Bannister, 734 F.3d 967, 977 (9th Cir.2013); accord Lemire v. California Dep't of Corr. and

Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–

16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally

involved in the constitutional deprivation, or (2) there is a sufficient causal connection between

the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977;

accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory,

supervisory liability exists even without overt personal participation in the offensive act if

supervisory officials implement a policy so deficient that the policy itself is a repudiation of

constitutional rights and is the moving force of a constitutional violation." <u>Crowley</u>, 734 F.3d at 977 (citing <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

As noted above, Plaintiff has not alleged that Defendant Beard was personally involved in the constitutional deprivation.  Plaintiff also has made no mention that Defendant Beard instituted any policy, much less a deficient policy.  Instead, Plaintiff suggests that he would not have been prescribed Risperdal but for prison overcrowding caused by Defendant Beard.  Plaintiff has not alleged facts to support that he was prescribed Risperdal, and not some other medication, with deliberate indifference to a substantial risk of harm based on overcrowding.  It does not appear that Plaintiff can support his conclusory allegations or link Defendant Beard to the use, or prescription, of any particular medication.  These deficiencies do not appear capable of being cured by amendment.

### B.  Products Liability

Insofar as Plaintiff seeks to pursue a claim based on products liability, Plaintiff may not pursue such an action against Defendant Beard.  A claim for products liability should be brought against the prescription drug manufacturer.  <u>See</u>, <u>e.g.</u>, <u>Carlin v.Super. Ct.</u>, 13 Cal.4th 1104, 56 Cal.Rptr.2d 162, 920 P.2d 1347 (1996).

### V.   Conclusion and Order

Plaintiff's complaint fails to state a cognizable section 1983 claim.  The deficiencies in Plaintiff's complaint cannot be cured by amendment and leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable section 1983 claim.  All pending motions, if any, are terminated.

IT IS SO ORDERED.

Dated:   **October 17, 2014**        /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE